## ANNA BAYDROP, ET ALS.
### vs.
## SECOND NATIONAL BANK, TRUSTEE

Superior Court     New Haven County     File #44138

Present: Hon. ALFRED C. BALDWIN, Judge.

H. L. Dickerman,
William A. Bree,          Attorneys for the Plaintiffs.

Daggett & Hooker,         Attorneys for the Defendant.

### MEMORANDUM FILED FEBRUARY 8, 1936.

BALDWIN, J. In conformity with the judgment of this court the defendant has filed its account as successor trustee to The Parker-Smith Company under a mortgage from George Ratner to the company named.

Plaintiff's object to the allowance of two items in the account. The first item is a charge under date of July 10, 1934, as follows:

"Daggett & Hooker, Attorneys, legal services on account of connection with the civil action of Anna Baydrop, et als vs. Second National Bank, Trustee $212.42."

The other item objected to is under date of August 27, 1935, and is for legal services rendered by the same firm of lawyers in the same matter, the amount of this charge being $72.50.

The civil action referred to is the instant action. It is an action against this defendant as trustee. The complaint alleges that this defendant

"while acting as such Trustee has grossly, carelessly, recklessly, wastefully and incompetently managed the property to great financial loss and detriment to the plaintiff."

It further is alleged that defendant has charged and col-

lected fees for the management of property contrary to the terms of the deed under which it acts as Trustee and refused to disclose to plaintiffs the names of co-noteholders. The plaintiffs pray for a removal of the defendant and that it be enjoined from acting as trustee, for an accounting, for a list of names of the co-noteholders, for a return of all monies it has collected and for appointment of a new trustee.

The case was tried in this court and then went to the Supreme Court with the result that it was adjudged that defendant was entitled to make the charges it had made for its services, that it render an accounting, including the names and addresses of the co-noteholders and that the claim of the plaintiffs for removal of the trustee be denied.

Upon the bringing of this action it became the duty of the defendant as trustee to appear and defend and that duty devolved upon it, primarily, because of its obligations as trustee to the beneficiaries under the trust deed. This required the employment of attorneys and the expenditure of funds.

This employment of attorneys and the defense of this action was an incident in the management of the trust under the trust deed, which deed includes the following provision:

"The trustee may secure and employ in the management of said trust suitable agents and attorneys . . . ."

These items of expense result from this litigation, the second item being an allocation against the property involved of a proportion of such legal expenses, and these charges come within the contemplation of the trust deed and well within the equitable powers of the court for allowance.

Judgment may be entered approving, allowing and accepting the account.